IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID A. RAY,                )
                             )
        Plaintiff,            )
                             )
v.                           )    Case No. CIV-09-088-KEW
                             )
JOYCE EDWARDS,               )
                             )
        Defendant.            )

**OPINION AND ORDER**

This matter comes before this Court on Plaintiff's Motion for Summary Judgment filed November 18, 2009 (Docket Entry #31) and Defendant's Motion for Summary Judgment filed November 20, 2009 (Docket Entry #32). Upon review and consideration of these Motions and associated responsive briefs, this Court renders this decision.

The parties have filed a Joint Stipulation of Material Facts As to Which No Genuine Issue Exists for consideration of the subject Motions. These stipulations are as follows:

1. The ownership of an undivided one-fourth (1/4th) interest in the oil, gas and other minerals in and under the Northeast Quarter (NE/4) of Section 27, Township 4 North, Range 11 East of the Indian Meridian, Hughes County, Oklahoma (the "1/4th Mineral Interest") is in dispute.

2. Prior to August 9, 1976, Defendant owned the surface rights in the Northeast Quarter (NE/4) and the East Half of the East Half of the Northwest Quarter (E/2 E/2 NW/4) of Section 27-4N-11EIM and this undivided one-fourth (1/4th) interest in the oil,

gas, and other minerals in and under the Northeast Quarter (NE/4) of Section 27-4N-11EIM.

3. On August 9, 1976, Joyce I. Edwards executed a Joint Tenancy Warranty Deed that was recorded in Book 500, Page 538, conveying interests in Section 27-4N-11EIM to James L. Fink and Shirley J. Fink.[1]

4. Defendant claims she did not convey the 1/4th Mineral Interest to James L. Fink and Shirley J. Fink. Plaintiff, as successor to James L. Fink and Shirley J. Fink, claims Defendant did not reserve the 1/4th Mineral Interest; therefore, it was conveyed to James L. Fink and Shirley J. Fink.

5. The chain of title pursuant to which Plaintiff succeeded to the 1/4th Mineral Interest acquired by the Finks includes the following instruments:

> a. A Joint Tenancy Warranty Deed from James L. Fink and Shirley J. Fink to Elmer J. Bohanon and Sadie O. Bohanon, dated September 28, 1978 and recorded in Book 540, Page 610.
>
> b. A Joint Tenancy Warranty Deed from Sadie O. Bohanon to Jack A. Summers and Patricia G. Summers dated October 2, 1985, and recorded in Book 701, Page 293.

---

[1] The Joint Stipulation submitted by the parties references various documents as exhibits appended to the filing, including the deed referenced in this stipulation. These reference to the attachment of these exhibits, although contained in the original stipulation, will not be set forth in the statement of material facts utilized by this Court for summary judgment purposes.

2

c. A Mineral Deed from Sadie O. Bohanon a/k/a Sadie O. Bohanon to Jimmie L. Starkey dated December 19, 1995, and recorded in Book 875 at Page 6.

d. A Mineral Deed from Jimmie L. Starkey to M R Energy Corp. dated August 1, 1997, and recorded in Book 895 at Page 301.

e. A Mineral Deed From M R Energy Corp. to David Ray dated May 5, 2000, and recorded in Book 930 at Page 101.

6. Plaintiff subsequently conveyed the 1/4th Mineral Interest to Ferrell Oil Co., LLC, pursuant to two (2) separate mineral deeds. One deed was dated September 1, 2006 and recorded in Book 1076 at Page 813. The other deed was dated October 30, 2006, and recorded in Book 1074 at Page 404. Each of these mineral deeds includes a provision pursuant to which Plaintiff warranted title to this 1/4th Mineral Interest.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of

material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the stipulated facts material to this action set forth herein above, no genuine issue exists. Consequently, in accordance with Oklahoma law, the interpretation of a contract and it is ambiguous is a matter of law for the court to determine and resolve. K & K Food Servs, Inc. v. S & H, Inc., 3 P.3d 705, 708 (Okla. 2000)(citations omitted).

In carrying out this analysis, the usual rules of contractual construction apply. If the terms of a contract are unambiguous, clear and consistent, the words used are accepted "in their plain and ordinary sense" and "the contract with be enforced to carry out the intention of the parties as it existed at the time it was negotiated." Id. (citations omitted). Moreover, if the contract

4

is not ambiguous, the parties' intent must be determined "from the four corners of the instrument itself," ascertaining the parties' intention solely from the language used in the conveyance. <u>Messner v. Moorehead</u>, 787 P.2d 1270, 1272-73 (Okla. 1990). If, however, the contract is deemed to be ambiguous, the court may order the parties to present extrinsic, parol evidence concerning the meaning of the terms used by the parties, "including their admissions and construction and other circumstances." <u>Id</u>. at 1273.

This Court begins its examination of the specific language of conveyance used in this case by recognizing that Oklahoma statutory law requires that "[e]very estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." Okla. Stat. tit. 16 § 29. Such a limitation or exception in a deed "withholds from its obligation some part or parcel or thing, which but for its exception would pass by the general description." <u>Scoggin v. Lewis</u>, 378 P.2d 869, 872 (Okla. 1963)(citation omitted).

The alleged language of exception employed by the parties in the Joint Tenancy Warranty Deed between Defendant and the Finks must be read in isolation for the subject matter with which the parties are concerned in this action. Namely, the exception reads "less and except all mineral interest which . . . are hereby reserved by Grantor . . . ." This language clearly and unambiguously expresses the parties' intent that the mineral

interest associated with the surface estate being conveyed be reserved in Defendant as Grantor. The fact the reservation does not explicitly state that the extent of the mineral interest does not lessen the unequivocal intent that the mineral interest was not a part of the conveyance represented in the Warranty Deed. There is no need to -- indeed, this Court is prohibited from looking outside of the language used in the Warranty Deed to examine the parties' intent further since the reservation language is unambiguous. Consequently, this Court finds Defendant did not convey her mineral interest as a result of the 1976 Joint Tenancy Warranty Deed.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment filed November 18, 2009 (Docket Entry #31) is hereby **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment filed November 20, 2009 (Docket Entry #32) is hereby **GRANTED**. Accordingly, Plaintiff's action to quiet title to the mineral interest underlying the Northeast Quarter of Section 27, Township 4 North, Range 11 East on property located in Hughes County, Oklahoma is hereby **DISMISSED**.

IT IS SO ORDERED this 9th day of February, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE